# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEMETRIUS EXUM,<br><br>Defendant. | Case No. 23-CR-77-10-JPS<br><br>**ORDER** |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEMETRIUS EXUM,<br><br>Defendant. | Case No. 26-CR-52-LA<br><br>**ORDER** |

Defendant Demetrius Exum ("Defendant") has pleaded guilty to charges in this case. ECF Nos. 845, 851. Defendant's sentencing hearing is currently scheduled for June 26, 2026. Mar. 3, 2026 docket entry. Defendant is also charged in a separate case, Case No. 26-CR-52, pending before Judge Lynn Adelman.

On May 5, 2026, the parties filed a joint motion under Criminal Local Rule 13 to consolidate these two cases. ECF No. 935. The Government represents that Defendant is likely to resolve the case short of trial via plea agreement. *Id.* at 2. Accordingly, it argues that the cases should be consolidated for plea and sentencing. *Id.*

Criminal Local Rule 13(a) provides that "[a] criminal case may be reassigned to another judge if . . . [the] defendant[] in each of the cases [is] the same, . . . both cases are pending in this District[,] . . . the handling of both cases by the same judge is likely to result in the overall saving of judicial resources[,] and . . . neither case has progressed to the point where reassigning a case would likely delay substantially the proceedings in either case, or the Court finds that the assignment of the cases to the same judge would promote consistency in resolution of the cases or otherwise be in the interest of justice." Such motions for reassignment "will be decided by the judge to whom the lowest numbered case of the claimed related set is assigned for trial or other disposition." CRIM. L.R. 13(b).

The Court finds that all of the above-stated criteria for reassignment and consolidation are met here. Both this case and the case pending before Judge Adelman involve the same Defendant and are pending in this District. Reassignment of the case currently before Judge Adelman to this branch of the Court will not unduly delay proceedings and in fact will further the goal of efficient and consistent resolution of both matters. For these reasons, the Court will grant the parties' motion and order that the Clerk of Court reassign Case No. 26-CR-52 to this branch of the Court.

The Court will further adjourn the sentencing hearing scheduled for June 26, 2026, as well as the associated deadlines for disclosure of the Presentence Investigation Report ("PSR").

The parties shall file any written plea agreement in Case No. 26-CR-52 on or before **May 22, 2026**. Upon the filing of a plea agreement, the assigned magistrate judge shall conduct a plea colloquy in accordance with Federal Rule of Criminal Procedure 11(b). The magistrate judge will thereafter issue a report and recommendation to this Court addressing the

advisability of accepting the proposed guilty plea. GEN. L. R. 72(a); FED. R. CRIM. P. 59(b)(1); 28 U.S.C. § 636(a)(1) and (b)(1)(B); *United States v. Harden*, 758 F.3d 886, 891 (7th Cir. 2014). The magistrate judge will schedule the plea colloquy hearing by separate order.

When a plea colloquy is held in Case No. 26-CR-52, the Court will set further dates for sentencing and PSR disclosure.

Accordingly,

**IT IS ORDERED** that the parties' joint motion to consolidate Case Nos. 23-CR-77-10 and 26-CR-52, ECF No. 935, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of Court **REASSIGN** Case No. 26-CR-52 to this branch of the Court for all further proceedings;

**IT IS FURTHER ORDERED** that the sentencing hearing originally scheduled for June 26, 2026 in Case No. 23-CR-77-10 and the related Presentence Investigation Disclosure deadlines be and the same are hereby **ADJOURNED** until further notice; and

**IT IS FURTHER ORDERED** that the parties file any written plea agreement in Case No. 26-CR-52 on or before **May 22, 2026**.

Dated at Milwaukee, Wisconsin, this 8th day of May, 2026.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge